ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

SUSAN CUSHMAN
Assistant U.S. Attorney
District of Hawaii

THOMAS E.PEREZ
Assistant Attorney General
U.S. Department of Justice
Civil Rights Division

SUSAN FRENCH
Trial Attorney
Human Trafficking Prosecution Unit
KEVONNE SMALL
Trial Attorney
Criminal Section
Civil Rights Division
601 D Street, NW
Washington, D.C. 20530
Telephone: (202) 514-3204

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
OCT 27 2010
at 5 o'clock and 14 min p M.
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. 09-00345 SOM |
| Plaintiff, | |
| v. | FIRST SUPERSEDING INDICTMENT |
| ALEC SOUPHONE SOU, (01)<br>MIKE MANKONE SOU, (02)<br>SIEW KHIONG KHOO, (03)<br>A/K/A WILLIAM KHOO, | [18 U.S.C. §§ 371, 1589, 1594, 1592, 1546, 1512 and 8 U.S.C. § 1324] |
| Defendants. | |

**FIRST SUPERSEDING INDICTMENT**

THE GRAND JURY CHARGES THAT:

COUNT 1

(Forced Labor Conspiracy)

BACKGROUND

At all times material to this Superseding Indictment:

1. Aloun Farm, Incorporated (hereinafter Aloun Farm), located in Oahu, Hawaii, specializes in growing Asian vegetables, and is owned and operated by the Sou family of Thai/Laotian descent.

2. Defendant ALEC SOUPHONE SOU is the President and General Manager of Aloun Farm, and defendant MIKE MANKONE SOU is the Vice President and Operations Manager of Aloun Farm.

3. Thai Taipei Manpower Company, Limited, is a labor recruiting company that specializes in recruiting Thai nationals to work outside of Thailand.

4. Udon NT Union Manpower Company, Limited, (hereinafter Udon NT) is a labor recruiting company located in Udon Thani, Thailand.

5. Defendant SIEW KHIONG KHOO, a/k/a WILLIAM KHOO, is employed at Thai Taipei Manpower Company, Limited, and is a partner in Udon NT.

6. K.S. Manpower Supply Company, Limited, is a labor recruiting company located in Bangkok, Thailand and works closely with Udon NT.

CONSPIRACY

From on or about April 1, 2003, and continuing through on or about February 8, 2005, in the District of Hawaii and elsewhere, defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, and co-conspirators known and unknown to the grand jury, did knowingly and willfully combine, confederate, conspire and agree with one another and others known and unknown to the grand jury to hold approximately 30 Thai nationals in a condition of forced labor by knowingly providing and obtaining the labor or services of the Thai nationals by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.

OBJECT OF CONSPIRACY

7. The object of the conspiracy was to devise a scheme to: obtain and maintain a source of cheap and compliant labor by using false promises to entice workers to pay substantial up-front recruitment fees; by inducing workers, in reliance on the false promises, to pay the recruitment fee by obtaining high-interest loans secured by their family homes and subsistence lands as collateral; and to compel the workers' continued labor

and service through threats to deport the workers or send them back with no way to pay off their debt, thus holding the workers in fear of serious economic harm, including loss of family property.

MANNER AND MEANS

8. It was part of the conspiracy that Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, and co-conspirators known and unknown to the grand jury, entered into a business venture to bring 44 impoverished, rural farm workers from Thailand to the United States under the U.S. Department of Labor seasonal and temporary agricultural worker program, known as the H-2A program ("H-2A program"), to work at Aloun Farm.

9. It was further part of the conspiracy that Defendant SIEW KHIONG KHOO, and co-conspirators known and unknown to the grand jury, recruited impoverished Thai nationals, who were earning approximately $1,000.00 USD annually, to come work at Aloun Farm in the United States by enticing them with false promises of high wages and three years of employment.

10. It was further part of the conspiracy that Defendants ALEC SOUPHONE SOU and SIEW KHIONG KHOO, and co-conspirators known and unknown to the grand jury, knew each Thai national paid substantial recruitment fees to secure the job at Aloun Farm.

11. It was further part of the conspiracy that Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, and co-

conspirators known and unknown to the grand jury, retained and profited from the Thai nationals' recruitment fees.

12. It was further part of the conspiracy that Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, and a co-conspirator known to the grand jury, made material false representations and omissions to the U.S. Department of Labor Employment and Training Administration in the Application for Alien Employment Certification and the Agricultural and Food Processing Clearance Order to procure the employment-based visas to bring the Thai nationals to Aloun Farm.

13. It was further part of the conspiracy that co-conspirators known and unknown to the grand jury, knowing the Thai nationals were poor and likely unable to pay the recruitment fees, referred the Thai nationals to Krungsri Ayudhya Limited bank to obtain loans in the principal amount of 400,000 Thai baht (approximately $10,000.00 USD), secured by the Thai nationals' families' subsistence land and homes.

14. It was further part of the conspiracy that co-conspirators known and unknown to the grand jury knew the Thai nationals would incur additional debt to satisfy the balance of the recruitment fees.

15. It was further part of the conspiracy that Defendants ALEC SOUPHONE SOU and MIKE MANKONE SOU, and co-conspirators known and unknown to the grand jury, confiscated most of the Thai

workers' passports together with their visas when the workers arrived in the United States, thereby limiting the workers' freedom of movement.

16. It was further part of the conspiracy that Defendants ALEC SOUPHONE SOU and MIKE MANKONE SOU deducted from the workers' earnings charges the defendants imposed for housing, meals, taxes, and payments towards high-interest loans the workers had obtained to pay up-front recruitment fees, leaving the workers with minimal pay.

17. It was further part of the conspiracy that Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, and co-conspirators known and unknown to the grand jury compelled the continued labor and service of the Thai workers by threatening to deport the workers or send them home for complaining about wages, work conditions, confiscation of passports, and denial of promised visa extensions, knowing that such threats placed the workers in fear of serious economic harm, including loss of family property and subsistence land used to secure substantial debts, leaving the workers and their families homeless and destitute.

## OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, at least one of the co-conspirators committed or caused to be committed at least one of the following

overt acts, among others, in the District of Hawaii and elsewhere:

18. In or about April 2003, Defendants ALEC SOUPHONE SOU and SIEW KHIONG KHOO, while in Thailand, entered into a venture to bring Thai nationals to the United States to work at Aloun Farm under the U.S. Department of Labor H-2A program.

19. In or about April 2003, in Thailand, Defendant SIEW KHIONG KHOO solicited a co-conspirator known to the grand jury to assist him in the United States with his venture to bring Thai nationals to the United States to work at a U.S. farm under the U.S. Department of Labor seasonal and temporary H-2A program.

20. In or about October 2003, Defendants ALEC SOUPHONE SOU and SIEW KHIONG KHOO, and a co-conspirator known to the grand jury met in Thailand where they entered into a scheme to bring Thai nationals to the United States to work at Aloun Farm under the U.S. Department of Labor seasonal and temporary H-2A program.

21. In or about October 2003, Defendants ALEC SOUPHONE SOU and SIEW KHIONG KHOO, and a co-conspirator known to the grand jury, met in Thailand where they discussed how the Thai workers' recruitment fees would be divided: approximately $8,000.00 USD per worker to Defendant SIEW KHIONG KHOO and the local Thai recruiting companies; approximately $2,500.00 USD per worker to Aloun Farm as an incentive to enter into the business deal with Defendant KHOO and a co-conspirator known to the grand jury; and

approximately $5,500.00 USD per worker to a co-conspirator known to the grand jury.

22. On or about March 2, 2004, Defendant MIKE MANKONE SOU sent a letter to the U.S. Department of Labor Employment and Training Administration stating that a co-conspirator known to the grand jury represented Aloun Farm for labor certification purposes and that Defendant MIKE MANKONE SOU assumed full responsibility for the accuracy of any representations made by this co-conspirator.

23. On or about March 5, 2004, Defendant MIKE MANKONE SOU sought seasonal and temporary workers under the H-2A program by submitting to the U.S. Department of Labor Employment and Training Administration form 790 (ETA-790 Agricultural and Food Processing Clearance Order), and form 750 (ETA-750 Application for Alien Employment Certification), attesting to the fact that Aloun Farm needed fifty workers who would be paid $9.42 USD per hour (later revised to $9.60 USD per hour) and would work six days a week, eight hours each day, from May 1, 2004, through November 30, 2004.

24. On or about May 21, 2004, Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO authorized an agent to send a letter to Udon NT seeking to recruit through Udon NT at least 44 agricultural workers for up to three years at an hourly wage of $9.60 USD (minimum of $1,225.00 USD per month); for eight

hours each day, six days a week; wages to be paid bi-monthly; and that Aloun Farm to pay for the workers' housing and transportation to the United States.

25. In or about June 2004, Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, authorized an agent to sign a master employment contract between Aloun Farm and each worker that contained the proposed terms and conditions of employment to include an hourly wage rate of $9.42 USD (later modified to $9.60 USD per hour) and the opportunity to work for between three and four years in the United States.

26. In or about the summer of 2004, co-conspirators known and unknown to the grand jury, knowing the 44 Thai nationals did not have cash to pay for the recruitment fees, arranged for the Thai recruiters' affiliated bank, Krungsri Ayudhya Limited, to provide the Thai national loans in the amount of 400,000 Thai baht (approximately $10,000 USD) using their families' homes and subsistence lands as collateral to secure the loans.

27. On or about September 1, 2004, co-conspirators known and unknown to the grand jury, employed by Udon NT, directed the Thai workers to report to the Udon NT office to pay in cash the balance of their recruitment fees, approximately 200,000 to 500,000 Thai baht (approximately $5,000.00 to $12,500.00 USD), which is in addition to the 400,000 Thai baht bank loan (approximately $ 10,000.00 USD).

28. On or about September 1, 2004, co-conspirators known and unknown to the grand jury and employed by Udon NT collected the cash balance of the recruitment fees; required the Thai nationals to sign separate "escape contracts;" required the Thai nationals to bring relatives to a meeting where Udon NT representatives and lawyers told family guarantors who provided the collateral for the workers' bank loans that if the Thai worker ran away once in the United States and/or defaulted on the loan, the guarantor would owe Udon NT between 4,000,000 to 5,000,000 Thai baht (approximately $1,000,000.00 to 1,250,000.00 USD) as a fine or penalty.

29. In or about the summer of 2004, Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, and co-conspirators known and unknown to the grand jury, paid for the workers' airfare to the United States out of the Thai workers' recruitment fees knowing having previously promised workers that Aloun Farm would pay the workers airfare to the United States and knowing Aloun Farm was responsible for paying the Thai workers' airfare to the United States in accordance with the terms and conditions of employment between Aloun Farm and U.S. Department of Labor.

30. On or about September 4, 2004, Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, directed co-

conspirators known and unknown to the grand jury to escort the 44 Thai workers from Thailand to Hawaii to work at Aloun Farm.

31. In or about September 2004, and shortly after the workers' arrival in the United States, Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, and a co-conspirator known to the grand jury informed the 44 Thai workers that their employment contracts were a lie and just a piece of paper used to deceive the U.S. government; explained that Aloun Farm would not pay the workers the promised or contractual hourly wage; and informed the workers that they would be paid approximately $5.00 to $6.00 USD per hour or a flat monthly wage.

32. In or about September 2004, Defendants ALEC SOUPHONE SOU and MIKE MANKONE SOU, and co-conspirators known and unknown to the grand jury, instructed the Thai workers verbally and in writing not to socialize with outsiders, particularly Laotians, who would be able to communicate with and relate to the Thai workers.

33. In or about September 2004, Defendants ALEC SOUPHONE SOU and MIKE MANKONE SOU isolated the Thai workers by housing them in a two-story house surrounded by a cement wall in the front and a chainlink fence on the sides with a gate that was often locked and controlled only by Aloun Farm employees, limiting the workers' freedom of movement and contact with outsiders.

34. In or about October 2004, Defendants ALEC SOUPHONE SOU and MIKE MANKONE SOU moved between 11 to 22 Thai workers to remote mobile, storage containers that had neither air conditioning nor indoor plumbing that had not been approved as agricultural workers housing as required by the H2A program.

35. On or about September 4, 2004, and continuing through about February 2005, Defendants ALEC SOUPHONE SOU and MIKE MANKONE SOU deducted from the Thai workers' earnings for meals and housing.

36. On or about September 4, 2004, and continuing through about February 2005, Defendants ALEC SOUPHONE SOU and MIKE MANKONE SOU, and Aloun Farm employees controlled the movement of the Thai workers by escorting them to work each day and escorting them when they were taken outside of the premises controlled by the defendants and their co-conspirators.

37. On or about September 4, 2004, and continuing through about February 2005, Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, and co-conspirators known to the grand jury, threatened to send the Thai workers back to Thailand if they complained about the terms and conditions of their employment or if they tried to escape from Aloun Farm.

All in violation of Title 18, United States Code, Sections 371 and 1589 (a).

COUNT 2

(Forced Labor)

Beginning on or about June 1, 2004 and continuing through in or about February 28, 2005, all dates being approximate and inclusive, in the District of Hawaii, and elsewhere, the defendants, ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting each other and others, did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of RUS, a Thai national, by means of a scheme, plan and pattern intended to cause RUS to believe that if RUS did not perform such labor and services, that RUS and another person would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(a), 1594(a), and 2.

COUNT 3

(Forced Labor)

Beginning on or about June 1, 2004 and continuing through in or about February 28, 2005, all dates being approximate and inclusive, in the District of Hawaii, and elsewhere, the defendants, ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting each other and others, did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of SW, a Thai national, by means of a scheme, plan and pattern intended

to cause SW to believe that if SW did not perform such labor and services, that SW and another person would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(a), 1594(a), and 2.

<u>COUNT 4</u>

(Forced Labor)

Beginning on or about June 1, 2004 and continuing through in or about February 28, 2005, all dates being approximate and inclusive, in the District of Hawaii, and elsewhere, the defendants, ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting each other and others, did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of CP, a Thai national, by means of a scheme, plan and pattern intended to cause CP to believe that if CP did not perform such labor and services, that CP and another person would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(a), 1594(a), and 2.

<u>COUNT 5</u>

(Forced Labor)

Beginning on or about June 1, 2004 and continuing through in or about February 28, 2005, all dates being approximate and inclusive, in the District of Hawaii, and elsewhere, the defendants, ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting each other and others, did knowingly provide and obtain,

and attempt to provide and obtain, the labor and services of SP, a Thai national, by means of a scheme, plan and pattern intended to cause SP to believe that if SP did not perform such labor and services, that SP and another person would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(a), 1594(a), and 2.

COUNT 6

(Forced Labor)

Beginning on or about June 1, 2004 and continuing through in or about February 28, 2005, all dates being approximate and inclusive, in the District of Hawaii, and elsewhere, the defendants, ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting each other and others, did knowingly provide and obtain, and attempt to provide and obtain, the labor and services of SJ, a Thai national, by means of a scheme, plan and pattern intended to cause SJ to believe that if SJ did not perform such labor and services, that SJ and another person would suffer serious harm.

In violation of Title 18, United States Code, Sections 1589(a), 1594(a), and 2.

COUNT 7

(Document Servitude)

The allegations contained in paragraphs 1 through 37 of this Indictment are incorporated herein by reference.

From on or about September 4, 2004, and continuing through on or about November 30, 2004, in the District of Hawaii and elsewhere, Defendants ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting each other and others, did knowingly and willfully hold SP, a Thai national, in a condition of document servitude by knowingly destroying, concealing, removing, confiscating, or possessing any actual or purported passport or other immigration document, or any other actual purported government identification document of SP:

(a) in the course of a violation of 18 U.S.C. § 1589;

(b) with intent to violate 18 U.S.C. § 1589; and

(c) to prevent or restrict or attempt to prevent or restrict, without lawful authority, SP's liberty to move or travel, in order to maintain the labor or services of SP, when SP was and had been a victim of a severe form of trafficking in persons.

All in violation of Title 18, United States Code, Sections 1592 and 2.

COUNT 8

(Document Servitude)

The allegations contained in paragraphs 1 through 37 of this Indictment are incorporated herein and by reference.

From on or about September 4, 2004, and continuing through on or about November 30, 2004, in the District of Hawaii and

elsewhere, Defendants ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting each other and others, did knowingly and willfully hold RUS, a Thai national, in a condition of document servitude by knowingly destroying, concealing, removing, confiscating, or possessing any actual or purported passport or other immigration document, or any other actual purported government identification document of RUS:

(a) in the course of a violation of 18 U.S.C. § 1589;

(b) with intent to violate 18 U.S.C. § 1589; and

(c) to prevent or restrict or attempt to prevent or restrict, without lawful authority, RUS's liberty to move or travel, in order to maintain the labor or services of RUS, when the person is or has been a victim of a severe form of trafficking in persons.

All in violation of Title 18, United States Code, Sections 1592 and 2.

COUNT 9

(Visa Fraud Conspiracy)

The allegations contained in paragraphs 1 through 37 of this Indictment are incorporated herein by reference.

From in or about April 2003, and continuing through on or about February 8, 2005, in the District of Hawaii and elsewhere, Defendants ALEC SOUPHONE SOU, MIKE MANKONE SOU and SIEW KHIONG KHOO, and co-conspirators known and unknown to the grand jury,

did knowingly and willfully combine, confederate, conspire and agree with one another to commit visa fraud by:

(a) knowingly subscribing as true a false statement with respect to a material fact in an application, affidavit, and other document required by the immigration laws or regulations prescribed thereunder, to wit: the U.S. Department of Labor Employment and Training Administration form 750 (ETA-750 Application for Alien Employment Certification), and form 790 (ETA-790 Agricultural and Food Processing Clearance Order); and

(b) knowingly presenting to a U.S. government entity, agency, or department, any such an application, affidavit, and or other document which contains any such false statement and which fails to contain any reasonable basis in law or fact.

All in violation of Title 18, United States Code, Sections 371 and 1546 (a) (paragraph 4).

<u>Count 10</u>

(Harboring for Financial Gain)

Beginning on or about March 1, 2005, and continuing through on or about October 27, 2010, in the District of Hawaii and elsewhere, the defendants, ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting one another and others, knowing and in

reckless disregard of the fact that TM, an alien, came to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield TM from detection, and attempted to conceal, harbor, and shield TM from detection in any place, including any building and any means of transportation, for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

<u>Count 11</u>

(Harboring for Financial Gain)

Beginning on or about March 1, 2005, and continuing through on or about October 27, 2010, in the District of Hawaii and elsewhere, the defendants, ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting one another and others, knowing and in reckless disregard of the fact that KT, an alien, came to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield KT from detection in any place including any building or means of transportation for the purpose of commercial advantage and private financial gain.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(I).

Count 12

(Obstructing or Impeding Official Proceeding)

On or about July 19, 2010, in a proceeding before the United States District Court for the District of Hawaii, the defendants, ALEC SOUPHONE SOU and MIKE MANKONE SOU, aiding and abetting one another and others, corruptly obstructed, influenced, and impeded an official proceeding, and attempted to do so, by offering as evidence in court, a video that they designed and created, knowing that the information included in the video contained false and misleading representations.

All in violation of Title 18, United States Code, Section 1512(c)(2).

DATED: October 27, 2010, at Honolulu, Hawaii.

A TRUE BILL

/s/ Foreperson
FOREPERSON, GRAND JURY

FLORENCE NAKAKUNI
United States Attorney
District of Hawaii

SUSAN CUSHMAN
Assistant U.S. Attorney

SUSAN FRENCH
Trial Attorney
Human Trafficking
Prosecution Unit
Civil Rights Division

KEVONNE SMALL
Trial Attorney
Criminal Section
Civil Rights Division

UNITED STATES OF AMERICA v. ALEC SOUPHONE SOU, EL AT.
Cr. No. 09-00345 SOM
"Superseding Indictment"