IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIM. NO. 09-00345 SOM |
| | ) | |
| Plaintiff, | ) | ORDER AFFIRMING MAGISTRATE |
| | ) | JUDGE'S ORDER DENYING |
| vs. | ) | DEFENDANTS' MOTION TO UNSEAL |
| | ) | GRAND JURY TRANSCRIPTS AND |
| ALEC SOUPHONE SOU, and (01) | ) | MATERIALS |
| MIKE MANKONE SOU, (02) | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING
DEFENDANTS' MOTION TO UNSEAL GRAND JURY TRANSCRIPTS AND MATERIALS

I.      INTRODUCTION.

        On January 25, 2011, Defendants Alec Souphone Sou and

Mike Mankone Sou (the "Sou brothers") moved to unseal grand jury

transcripts and materials pertaining to the Obstruction of

Justice charge (Count 12) of the First Superseding Indictment.

On March 18, 2011, after a hearing on the matter, Magistrate

Judge Kevin S.C. Chang denied the motion, concluding that

Defendants had not demonstrated a particularized need for grand

jury disclosure as required by Rule 6(e)(3)(c)(ii).  On April 4,

2011, Magistrate Judge Chang entered a written order denying the

motion and reiterating that Defendants had failed to show a

particularized need.

        The Sou brothers now appeal that order, arguing that

Magistrate Judge Chang's order was clearly erroneous and devoid

of any factual or legal basis.  The Sou brothers claim the

requested grand jury materials are needed to determine whether

the Government filed the Obstruction Charge against them with insufficient cause.  They also contend that the Government purposefully ignored important evidence, failed to properly instruct the grand jury on applicable law, and brought the obstruction charge for punitive and vindictive reasons.  This court is unpersuaded and affirms Magistrate Judge Chang.

II.      BACKGROUND FACTS.

On August 27, 2009, the Sou brothers and William Khoo were charged with three counts of conspiracy to commit forced labor, conspiracy to commit document servitude, and conspiracy to commit visa fraud.  See Indictment, ECF No. 1.  Between April 2003 and February 2005, the Sou brothers were allegedly operating a forced labor scheme involving workers from Thailand at Aloun Farm, their vegetable farm located on Oahu.  See First Superseding Indictment ¶ 6, ECF No. 127.  The Sou brothers allegedly recruited and enticed 44 Thai nationals to come to the United States to work at Aloun Farm under the United States Department of Labor seasonal and temporary agricultural worker program.  Id. ¶ 8.

On January 13, 2010, the Sou brothers consented to the entry of guilty pleas before Magistrate Judge Chang.  They then pled guilty to Count 1 of the Indictment, which charged them with a conspiracy to commit forced labor of Thai workers.  See ECF Nos. 45 & 47.  The district judge accepted the guilty pleas.  ECF

Nos. 48 & 49.

On June 7, 2010, the parties appeared before this court for the first of three sentencing hearings. See ECF Nos. 69 & 70. At the hearing, the court received testimony from numerous Thai workers who spoke of, among other things, allegedly deplorable living conditions at Aloun Farms, their alleged inability to leave the farm, and the allegedly negative impact of the Sou brothers' conduct on them and their families.

On July 19, 2010, this court held the second sentencing hearing. See ECF No. 86. During the hearing, counsel for Alec Sou played in open court a video of seven people speaking about conditions under which the Thai workers lived. See id. The speakers described adequate living conditions for the workers and contradicted the position of the Government's witnesses. This video is the focal point of the Sou brothers' motion to unseal grand jury transcripts and materials.

The Government alleges that, on July 20, 2010, the day after the video was played in court, FBI Special Agent Gary Brown received an email from an individual present in the courtroom when the video was played. See Resp. to Defs. Mot. to Unseal Grand Jury Trs. & Materials at 4, ECF No. 155. The email stated that the people in the video had made materially misleading statements. See id.

On September 9, 2010, this court held its third

3

sentencing hearing.  See ECF No. 96.  The court rejected both Sou

brothers' plea agreements, given serious concerns regarding the

bases of provisions in the agreements.  This entitled the Sou

brothers to withdraw their guilty pleas.  See id.

On October 27, 2010, a grand jury returned a twelve-

count First Superseding Indictment.  See ECF No. 127.  The Sou

brothers are charged with, among other things, forced labor

conspiracy, forced labor, document servitude, visa fraud

conspiracy, and harboring for financial gain.  Count 12 charges

Defendants with obstructing or impeding an official proceeding

"by offering as evidence in court, a video that they designed and

created, knowing that the information in the video contained

false and misleading representations."

III.     LEGAL STANDARD.

Pursuant to 28 U.S.C. § 636(b)(1) and Criminal Local

Rule 57.3(b), a party may appeal to a district judge any pretrial

nondispositive matter determined by a magistrate judge.  Under 28

U.S.C. § 636(b)(1)(A), a magistrate judge's order may be reversed

by the district court only if it is "clearly erroneous or

contrary to law."  The threshold of the "clearly erroneous" test

is high.  United States v. U.S. Gypsum Co., 333 U.S. 364, 395

(1948) ("A finding is 'clearly erroneous' when although there is

evidence to support it, the reviewing court on the entire

evidence is left with the definite and firm conviction that a

mistake has been committed."); <u>Thorp v. Kepoo</u>, 100 F. Supp. 2d 1258, 1260 (D. Haw. 2000) (the clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed").

IV.     <u>ANALYSIS.</u>

As Magistrate Judge Chang recognized, a criminal defendant seeking the release of information surrounding grand jury proceedings must demonstrate a "particularized need" that would overcome the policy of grand jury secrecy.  Courts generally recognize a continuing need for post-investigation grand jury secrecy because of the immediate effects of disclosure upon the particular grand jury and the possible consequences on the functioning of future grand juries.  <u>See</u> <u>Illinois v. Abbott & Assocs., Inc.</u>, 460 U.S. 557, 567 (1983).  <u>See also</u> <u>United States v. Nash</u>, 115 F.3d 1431, 1440 (9th Cir. 1997); <u>United States v. Murray</u>, 751 F.2d 1528, 1533 (9th Cir. 1985).  To establish a "particularized need" for grand jury information, parties must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed."  <u>United States v. Caruto</u>, 627 F.3d 759, 768 (9th Cir. 2010).

Based on his review and consideration of the pleadings

and oral arguments of the parties, Magistrate Judge Chang ruled

that Defendants had failed to meet their burden of demonstrating

a particularized need for the requested grand jury materials.

Contrary to Defendants' contention, Magistrate Judge Chang's oral

ruling and written order do state the legal bases for his

decision.  At the hearing, Magistrate Judge Chang clearly stated

that Defendants' motion was denied because Defendants failed to

establish a particularized need for the transcripts.  One of

Defendants' primary contentions is that there is insufficient

evidence to support Count 12 of the First Superseding Indictment.

But unsubstantiated and speculative assertions of improprieties

in the proceedings "do not supply the particular need required to

outweigh the policy of grand jury secrecy." United States v.

Ferreboeuf, 632 F.2d 832, 835 (9th Cir. 1980); accord United

States v. Walczak, 783 F.2d 852, 857 (9th Cir. 1986).

Furthermore, Magistrate Judge Chang took no position as to the

sufficiency of the evidence or validity of Count 12.  See ECF No.

164.

        While Defendants assert that the prosecutor engaged in

misconduct or acted out of vindictiveness, they have no evidence

suggesting or establishing this.  At worst, they show that

additional charges were lodged after the video was shown.  This

sequence, without more, is not equivalent to vindictiveness, or

to a showing of a particularized need for transcripts.  See

United States v. Jenkins, 504 F.3d 694, 699 (9th Cir. 2007);

United States v. Gamez-Orduno, 235 F.3d 453, 463 (9th Cir. 2000)

("[T]he fact that the superseding indictment followed closely on

appellants' indication that they would pursue their motions to

suppress, without more, raises no presumption of

vindictiveness."). A defendant who alleges prosecutorial

misconduct as the reason for seeking disclosure of grand jury

materials has the burden of showing that alleged instances of

misconduct compel dismissal of the indictment. See United States

v. Ho, No. 08-00337 JMS, 2009 WL 2591344, at *2 (D. Haw. Aug. 20,

2009). The Sou brothers fail to carry this burden. They only

speculate that Government counsel must not have fairly presented

evidence to the grand jury, but, as they concede, the Government

generally has no duty to present exculpatory evidence to a grand

jury. See United States v. Syling, 553 F. Supp. 2d 1187, 1190-91

(D. Haw. 2008); United States v. Manchester Farming P'ship, 315

F.3d 1176, 1185 n.20 (9th Cir. 2003).

This district judge is very much aware that it should

only reverse a magistrate judge's ruling on a nondispositive

matter such as a motion to unseal grand jury transcripts and

materials if the ruling is clearly erroneous or contrary to law.

See Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002) ("A

district judge may reconsider a magistrate's order in a pretrial

matter if that order is 'clearly erroneous or contrary to

law.'"); <u>Lovell v. United Airlines, Inc.</u>, 728 F. Supp. 2d 1096, 1100 (D. Haw. 2010) ("Under the 'clearly erroneous' standard, the magistrate judge's ruling must be accepted unless, after reviewing the entire record, this Court is left with the definite and firm conviction that a mistake has been committed."). Defendants do not present evidence that a mistake has clearly been committed.  <u>See</u> <u>Boskoff v. Yano</u>, 217 F. Supp. 2d 1077, 1083 (D. Haw. 2001).  Accordingly, Magistrate Judge Chang's ruling is affirmed.

V.      <u>CONCLUSION.</u>

        For the foregoing reasons, the court affirms the Magistrate Judge's Order Denying Defendants' Motion to Unseal Grand Jury Transcripts and Materials.


                        IT IS SO ORDERED.

                        DATED: Honolulu, Hawaii April 15, 2011.



                        <u>/s/ Susan Oki Mollway</u>
                        Susan Oki Mollway
                        Chief United States District Judge


<u>United States v. Sou et al.</u>, Criminal No. 09-00345 SOM; ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER DENYING DEFENDANTS' MOTION TO UNSEAL GRAND JURY TRANSCRIPTS AND MATERIALS.